TRESPASS quare clausum fregit, "and destroyed grass, corn, c. and for" carrying away divers goods," c.
The defts. pleaded not guilty and also justified, to wit: Harvey that he entered by virtue of his office as a constable and sold the goods on a certain judgment and execution at the suit of Stant against Minus, and also a judgment and execution at the suit of Jesse Read; and the deft. Stant justified as a plff. in the execution and a purchaser at the sale.
Stant's judgment bore date 27th June, 1832, and the execution was issued on the 9th October, 1833. The sale took place on the 17th or 18th of October. It was proved that Minus had hired to Stant two boys whose wages were to be in payment of his judgment; the one for thirty-two dollars and the other for twelve dollars from March to December, and that the boys had worked with Stant. The execution on Read's judgment issued on the 10th of April, and wasreturnable on the 4th September, 1833, but was not returned until the twenty-third of October.
The Chief Justice charged the jury — That if the judgment of the deft. Stant was actually paid; or there was a positive contract for the hire of the boys and that their hire should be in payment of the judgment and was to the amount of the judgment; if the deft. afterwards took out an execution which was levied on the plff.'s goods this would in him be a trespass. 13 Com. Law Rep. 104. And if Stant ordered Harvey to proceed with the sale and sell to the amount of his execution when it had not been in his hands ten days, and he did so sell, Stant is from this command a trespasser as well as the constable.
 Verdict for plaintiff.